IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEWART, *et al.*,                                    )      CASE NO.  1: 22 CV 2009
                                                      )
      Plaintiffs,                                 )
                                                      )
v.                                                    )      JUDGE DONALD C. NUGENT
                                                      )
FIRST STUDENT,  INC.,                                 )
                                                      )      <u>MEMORANDUM OPINION</u>
      Defendant.                                  )      <u>AND ORDER</u>


      This matter is before the Court on Plaintiffs' Motion for Leave to Distribute FLSA

Notice. (ECF #149).   Defendant filed a Memorandum in opposition to the motion.  (ECF #150).

The Plaintiff followed with a Reply brief in support of its request, relying, in part, on evidence

obtained after the original motion was filed.  (ECF #152).  Defendant then filed a Motion to

Strike New Evidence Attached to Plaintiffs' Reply Brief in Support of Motion For leave to

Distribute FLSA Notice.  (ECF #152).  Defendant also filed two supplmental Notices of

Supplemental Authority.  (ECF #155, 156).  For the reasons that follow, both motions are

DENIED.

## **<u>Procedural History</u>**

      This case was originally "conditionally certified" as a potential collective action by

the Eastern District of Pennsylvania.  The Pennsylvania Court applied the two-step approach set

forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D. N. J. 1987) which provides for

"conditional certification" upon a "modest factual showing" that putative plaintiffs are "similarly

situated" to the original Plaintiffs.  Under this approach if the case is "conditionally certified" the Court facilitates notice to putative plaintiffs who can then consent to be included in the case. After merit discovery, the district judge more closely evaluates whether the consent plaintiffs are, in fact, similarly situated to the original plaintiffs.  If so, the case is certified as a collective action.

In this case, based on the complaint and a "modest factual showing," the Pennsylvania court determined that the members of the putative class are "similarly situated," and that court-approved notification to potential plaintiffs was warranted.   Following the issuance of the court-approved notice, the case was transferred to this Northern District of Ohio.  Since then approximately 6,700 people have filed consent forms to join the action.

Subsequently, the Sixth Circuit issued its opinion in *Clark v. A&L Homecare and Training Center, LLC*, — F.4th —, 2023 WL 3559657 (6th Cir. May 19, 2023).  In *Clark*, the Sixth Circuit changed the standard of proof that justifies court facilitated notification to putative plaintiffs, rejecting both the "modest showing" standard set forth in *Lusardi*, and the stricter "actually similar" requirement adopted by the Fifth Circuit in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 434 (5th Cir. 2021).

## **Applicable Law**

The Fair Labor Standards Act of 1938 ("FLSA") provides that plaintiffs may litigate federal minimum wage and overtime claims on their own behalf and on behalf of other "similarly situated" employees.  29 U.S.C. §216(b).  The overall goal of proceeding as a collective action is to promote "efficient resolution in one proceeding of common issues of law and fact arising form the same alleged discriminatory activity." *Hoffmann-LaRoche*, 493 U.S. at 170.  No employee

-2-

shall actually be joined as a party in the action, however, unless they "consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The statute does not address how other similarly situated employees might learn of the lawsuit, and their right to decide whether to join in the action.

In the absence of any statutory language addressing how similarly situated employees should be notified of suit, the United States Supreme Court has found within this provision an implied judicial power to "facilitate notice" of FLSA suits to "potential plaintiffs" in appropriate cases. *Clark v. A& L Homecare & Training Ctr., LLC*, 68 F.th 1003, 1007 (6th Cir. 2023)(citing *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989)). The Supreme Court has offered little guidance on how the lower courts should define "potential plaintiffs" or "appropriate cases," nor has it given the lower courts any clear guidance on how the lower courts should define or otherwise discern them. *See generally, 493 U.S.* at 170. The Supreme Court also failed to articulate any guidelines for how the courts should exercise this power to "facilitate notice." *Id.* The only real boundary established by the *Hoffman-LaRoche* court, was a directive to avoid using court facilitation of notices in a way that could, "in form or function," resemble a "solicitation of claims." *Id.* at 174.

Although *Hoffman La-Roche* found that district courts *may* facilitate notice in appropriate cases, neither the Supreme Court, nor any other binding precedent known to this Court has suggested that courts are *required* to do so. Nor is the Court aware of any prohibition on the acceptance of opt-in notices from potential plaintiffs who have not received a court facilitated or court approved notice. In fact, consent forms are routinely filed in FLSA cases prior to the issuance of any official notice approved and facilitated by the court.

-3-

In the absence of guidance from the statute or the Supreme Court, lower courts have been left to determine for themselves who qualifies as "potential plaintiffs" for purposes of receiving court facilitated notice.   In essence, the Fifth Circuit has defined "potential plaintiffs" as those employees who *are*, *in fact*, similarly situated to the original plaintiffs, while the other Circuits define "potential plaintiffs" as employees who *may* be similarly situated to the original Plaintiffs.

The Fifth Circuit, for example prohibits court approved notices from being sent to any employee unless the court has already made a determination, by a preponderance of the evidence, that those employees are in fact,  "actually similar" to the original plaintiffs. *Swales*, 985 F.3d at 434. Most other circuits have recognized that it may be impractical, if not impossible, to make such a fact-based determination without receiving any input from the other employees.  These courts have, therefore, established a two-step process wherein a broader swath of employees can be notified and made part of the case for discovery purposes, but will only remain as plaintiffs through disposition if the evidence eventually shows, by a preponderance of the evidence, that they are, in fact, "similarly situated" for purposes of pursuing a collective FLSA claim.  There is further disagreement on how broadly the notification can be distributed before it begins to resemble a court-approved solicitation of claims, in violation of Hoffman La-Roche's proscription.

The Sixth Circuit has long been among those that recognize that  a "similarly situated" determination is a fact-specific inquiry, dependent on evidence that may be known only to those employees.  Therefore, "as a practical matter" a district court cannot "conclusively make 'similarly situated' determinations as to employees who are in no way present in the case." *Clark*

-4-

at 1010.[1]  Before *Clark*, the Sixth Circuit, along with many other courts across the country that had adopted a two-stage process for determining whether an FLSA action should proceed as a collective action, would look to the complaint and some modest factual allegations to determine whether there was a colorable basis for the Plaintiffs to claim that the putative class is "similarly situated" with regard to any plausibly alleged claims.  *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).   If so, the Court generally permitted opt-in notification and additional discovery.  This standard was "fairly lenient" and typically resulted in what was considered to be a "conditional certification" of a class for purposes of notification.  Under that framework, the existence of significant individualized issues did not preclude conditional certification at the notification stage.  *See, White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

Post-*Clark*, however, the Sixth Circuit no longer recognizes the "modest showing" standard or the concept of "conditional certification."  Under the new framework, court facilitation of notice is appropriate when there is a "strong likelihood" that there are other employees who are similarly situated to the plaintiffs. *Clark* at 1011.  The requisite degree of probability "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance of the evidence."  *Id.*

Even though it balked at the concept of conditional certification and lenient notice policies, the *Clark* court still recognized the need for a two-stage process applying one standard

---

[1]

The Supreme Court's opinion in *Hoffman-LaRoche*, supported this perspective by affirming a district court's decision to issue notice even though the lower court expressly found that "notice to absent class members need not await a conclusive finding of 'similar situation.'" *Clark* at 1010.

for court assisted notification of potential plaintiffs, and a more stringent standard for determining which notified and consenting employees are, in fact, similarly situated. Under *Clark*, those employees who are notified and consent to inclusion in the collective action would become a part of the case for discovery purposes, and the later group would be determined after the benefit of full discovery. Only those employees who, after discovery, are actually determined to be similarly situated will then become actual plaintiffs in the underlying action. *Id.* at 1010-11.

In order to be similarly situated, employees must, at a minimum, be "unified by common theories of defendant's statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds* by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 (2016). Though some proof may be individualized, proof of the policy or conduct in conformity with the policy should prove a violation as to all plaintiffs. *Id.* The cause of action for all similarly situated employees will have "accrued in approximately the same manner as those of the named plaintiff." *Lewis v. Huntington Nat'l Bank*, 789 F.Supp. 2d 863, 867 (S.D. Ohio 2011). The circumstances of the consent plaintiffs must be similar to that of the original plaintiff(s) but need not be identical. *Id.; Foley v. Wildcat Invs.*, LLC, 2023 U.S. Dist. LEXIS 120278 (S.D. Ohio July 12, 2023). "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies as the original plaintiffs were." *Clark* at 1010. Individualized defenses may be considered at the notice stage when determining whether plaintiffs have shown a strong likelihood of similarity. *Id.* at 1012; *Monroe v. FTS USA, LLC,* 860 F.3d 389, 404 (6th Cir. 2017); *Jones v. Ferro Corp.*, No. 1:22-cv-253, 2023 U.S. Dist. LEXIS 118415, 2023 WL

-6-

4456615, at *6 (N.D. Ohio July 11, 2023); *McCall v. Soft-Lite LLC*, 2023 U.S. Dist. LEXIS

133548 (N.D. Ohio August 1, 2023).  The court may permit discovery for purposes of aiding in

making this determination.

### Analysis

Plaintiff's motion asks this Court to: (1) require Defendant to provide a computer-

readable Excel file with the full name and last-known mail and e-mail addresses of all

individuals who have worked as First Student Drivers in any week during the last three years; (2)

approve Plaintiffs' proposed FLSA Notice and Consent form; (3) acknowledge that the 6,702

Plaintiffs who consented to join the FLSA Collective in this case through March 2022 have

already complied with the procedures proscribed by 29 U.S.C. §216(b) to join this case; and, (4)

authorize Plaintiffs to distribute the Court-approved FLSA Notice and Consent Form by mail and

e-mail.

A.  Employee Lists and Future Notice

When the Eastern District of Pennsylvania "conditionally certified" this case as an FLSA

collection action, it facilitated the issuance of notice to 34,524 employees working as First

Student drivers within the limitations period.  Those drivers worked at 523 separate locations

across the country.  The parties agreed on the language of the notices and the distribution plan.

Of those notified, approximately 6,702 employees filed consent notices opting in as potential

plaintiffs in the lawsuit.   Through their consent notices, the opt-in employees affirmed that they

"have worked as a Driver for First Student, Inc." and that they "regularly performed unpaid, 'off-

the-clock' work before and/or after [their] scheduled shifts."  (ECF #54, 85-90, 92-95, 98-101).

The Notice describes the claims as seeking "money damages" for all Drivers who experienced

-7-

the following issues:

(1)  typically worked a split-shift with a morning run and an afternoon run separated by a break;

(2)  typically performed about 20-60 minutes of unpaid work before clocking-in for their morning shift;

(3)  typically performed about 15-60 minutes of unpaid work after clocking-out for their morning shift;

(4)  typically performed about 20-45 minutes of unpaid work before clocking-in for their afternoon shift;

(5)  typically performed about 15-40 minutes of unpaid work after clocking-out from their afternoon shift; and

(6)  the unpaid work at issue includes walking to and from the Dispatch Office, waiting in line with other Drivers to receive and return keys and paperwork, checking for directives from management, talking to other employees about work-related issues, location their assigned bus, performing pre- and post-trip inspections, cleaning their bus, completing required paperwork and powering-up and using the Zonar tracking device to clock-in and -out.

(ECF #149-9, PageID 395).  The opt in response date was January 24, 2022, and the court accepted consent forms filed through March 9, 2022, without objection.  (ECF #106, 149-9).

Plaintiffs have requested that this Court facilitate the re-issuance of an "updated, materially-identical version of the Original" joint notice and distribution plan to all employees who were Drivers for First Student, Inc. during any week over the last three years.  Regardless of

-8-

whether they can satisfy the new standard established under *Clark*, Plaintiffs have offered no justification for sending a duplicate notice to those employees who have already been notified of their rights relative to this lawsuit, and did not timely consent to their inclusion in the lawsuit. Even if they still qualified as potential plaintiffs under the new *Clark* standard, there is no legal, factual, or equitable reason to effectively extend, by well over a year, the opt-in period for these employees.  They have already been previously notified of the claims being raised in this lawsuit, and were informed of their potential rights under the FLSA.  They failed to timely consent to their inclusion in this action, thereby waiving their right to participate as plaintiffs in the proposed collective action.  The change in the notification standard, as articulated in *Clark*, does not have any legal or practical effect on their rights in connection to this lawsuit.  Further, the Court is also mindful of the *Hoffman-LaRoche* court's directive to avoid using court facilitation of notices in a way that could resemble, "in form or function," a "solicitation of claims."  *Id.* at 174.  It is certainly possible that sending a second, nearly identical notice to non-consenting employees, and providing an extended opportunity to join an FLSA action after the expiration of the opt-in period, could be construed as encouraging or soliciting additional claims.

Plaintiffs have also failed to provide any legal justification for issuing notices to any new employees who may have been hired as drivers subsequent to the issuance of the original notice. For the reasons stated above, Plaintiffs' requests for additional listings of employee contact information; approval of the proposed Notice and Consent Form; and, authorization to distribute the FLSA Notice and Consent Form by mail and e-mail, are all DENIED.

B. Status of the 6,702 employees who have filed consent forms

Despite the fact that notice has already been provided to 34,524 potential plaintiffs, and 6702 employees have returned notices of consent to join the action, the briefing in this case has focused primarily on whether or not Plaintiffs have met the newly adopted *Clark* standard for court facilitated notice in an FLSA collection action.   The whole purpose of *Clark*'s "strong likelihood" standard is to determine whether the action before it is one that triggers the court's implied power to "facilitate notice" to "potential plaintiffs" in "appropriate cases." *Hoffman-LaRoche*, 493 U.S. at 169.  However, as discussed more fully above, additional court-facilitated notice is neither necessary nor appropriate at this point in the proceedings.  Further, whether or not notification would have been appropriate under the *Clark* standard, the Court sees no reason to invalidate the consent notices filed by employees who received court-facilitated notice in the earlier stages of this litigation, under the prior standard.

The statute that establishes the right to bring a collective action does not require court involvement in the notification process.  It simply states that potential plaintiffs must consent to inclusion in the case, and must be similarly situated to the original plaintiffs. 29 U.S.C. §216(b). The court's power to facilitate notice stems not from any specific language within the statute, but rather from its inherent power to manage complex cases, including limiting discovery, managing communications, and establishing procedures to ensure the efficient resolution of all claims through a single action.   *Hoffman-LaRoche*, 493 U.S. at 171; Fed. R. Civ. P. 83(b). The Court's role in 29 U.S.C. §216(b) is that of a case manager, facilitating the distribution of notice when appropriate.   Nothing in the statute, or in the *Hoffman-LaRoche* opinion suggests that court facilitated notification is mandatory, or that it was meant to be a procedural hurdle that must be

-10-

cleared by all consenting potential plaintiffs. *See Hoffmann-LaRoche*, 493 U.S. at 172.

Court facilitated notice and pre-discovery determination of which employees are, in fact, "similarly situated," (what used to be known as "conditional certification") are not prerequisites for an employee to file a valid consent notice. *See, Gaffers v. Kelly Services, Inc.*, No. 2:16-cv-10128 (E.D. Mich.). Thus, if potential plaintiffs are already aware of the collective action, even if the court has not yet determined whether the judicial facilitation of notice is appropriate, they can file a valid notice of consent without court involvement. See, e.g., *Young v. Chieftain Coating*, LLC, 2022 U.S. Dist. LEXIS 135512 (finding consent forms valid even though they were filed prior to the court's preliminary decision regarding which employees were "similarly situated"); *see also, Posada v. Cultural Care Inc.*, 2023 U.S. Dist. LEXIS106061 (Mass. Dist. Ct. June 20, 2023); *Behnken v. Luminant Mining Co., LLC*, 997 F.Supp. 2d 511 (N.D. Tex. 2014).

Further, many courts have held that consent forms should be honored even if they were elicited through non-approved, or even potentially misleading notice provided by the original Plaintiffs. *See, e.g., Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, *34; *Sperling v. Hoffman-LaRoche* 862 F.2d 439 (3rd Cir. 1988)(finding that the district court has discretion to allow consent forms elicited under non-approved notice). In this case, the notice itself was approved by the Court and both parties. It was issued in accordance with the law as it was understood at the time; it was not misleading in any way; and it was issued in good faith. The Court is not aware of any post-*Clark* case in this Circuit, that has invalidated court facilitated notice already distributed under the prior standard, or that has invalidated the consent forms of

opt-in employees filed before *Clark* was decided.[2] Two cases mention the existence of *pre-Clark*

consent notices, but neither invalidated the consents. Rather, in both cases, the court provided

the parties time to conduct discovery prior to making any conclusive determination on the issue

of similarity. *See generally, Carter v. Paschall Truck Lines, Inc.* 2023 U.S. Dist. LEXIS 175476

(W.D. Ky., Sept. 29, 2023); *Perry v. Hardeman Cnty. Govt.*, 2023 U.S. Dist. LEXIS 167579

---

[2]

 The following cases from within the Sixth Circuit all dealt with the application of *Clark*
to issues of notice in collective actions when there had been no prior distribution of court-
facilitated notice under the prior standard. *See, e.g., Murphy v. Kettering Adventist
Healthcare*, 2023 U.S. Dist. LEXIS 181430 (S.D. Ohio, Oct. 5, 2023); *Doe v. Coliseum,
Inc.*, 2023 U.S. Dist. LEXIS 177057 (E.D. Mich. Sept. 30, 2023); *Durbin v. Founds.
Health Sols., LLC*, 2023 U.S. Dist LEXIS 175713 (N.D. Ohio, Sept. 29, 2023)(in earlier
case court had invalidated conditional certification based on *Clark* but distribution of
notice had not gone out); *Woods v. First Transit, Inc.*, 2023 U.S. Dist. LEXIS 172284
(N.D. Ohio, Sept. 27, 2023); *Isaacs v. Landmark Recovery of Louisville, LLC*, 2023 U.S.
Dist. LEXIS 165205 (M.D. Tenn., Sept. 18, 2023); *Cordell v. Sugar Creek Packing Co.*,
2023 U.S. Dist. LEXIS 160746 (S.D. Ohio, Sept. 11, 2023); *Hogan v. Cleveland Ave.
Rest. Inc.*, 2023 U.S. Dist. LEXIS 158070 (S.D. Ohio, Sept. 6, 2023); *Craghead v. Trail
Tavern of Yellow Springs*, 2023 U.S. Dist. LEXIS 151978 (S.D. Ohio, Aug. 28, 2023);
*Gifford v. Northwood Healthcare Grp., LLC*, 2023 U.S. Dist. LEXIS 146707 (S.D. Ohio,
Aug. 21, 2023); *Rashad v. Mason's Prof'l Cleaning Serv., LLC,* 2023 U.S. Dist. LEXIS
139807 (W.D. Tenn., Aug. 10, 2023); *Teran v. Lawn Enf't Inc.*, 2023 U.S. Dist. LEXIS
136835 (W.D. Tenn, Aug. 1, 2023); *McElroy v. Fresh Mark, Inc.*, 2023 U.S. Dist. LEXIS
133551 (N.D. Ohio, Aug. 1, 2023); *McCall v. Soft-Lite, LLC*, 2023 U.S. Dist. LEXIS
133548 (N.D. Ohio, Aug. 1, 2023); *Oglesby v. Fed Ex Ground Package Sys.*, 2023 U.S.
Dist. LEXIS 128796 (S.D. Ohio, July 25, 2023)(addressing motion for conditional
certification); *Hutt v. Greenix Pest Control, LLC*, 2023 U.S. Dist. LEXIS 120290 (S.D.
Ohio, July 12, 2023); *Foley v. Wildcat Invs, LLC*, 2023 U.S. Dist. LEXIS 120278 (S.D.
Ohio, July 12, 2023); *Jones v. Ferro Corp.*, 2023 U.S. Dist. LEXIS 118415(striking
motion for notice and allowing expedited discovery); and, *Rice v. Walbridge Aldinger,
LLC*, 2023 U.S. Dist. LEXIS 102647 (E.D. Mich., June 13, 2023)

In *Guy v. Absopure Water Co.*, LLC, 2023 U.S. Dist. LEXIS 166848 (E.D. Mich., Sept.
12, 2023), and in *McElwee v. Bryan Cowdry, Inc.*, 2023 U.S. Dist. LEXIS 118488 (S.D.
Ohio, July 10, 2023),  the courts applied *Clark* when addressing a motion for
decertification after opt-in plaintiffs had joined the suit, and after discovery.  Although
these requests came post-distribution of court facilitated notice, they did not question or
otherwise address the validity of the original notice or of the consent notices.

-12-

(W.D. Tenn., Sept. 20, 2023).  Thus, even if the Court were to find that the original notice should not have been sent to the employees under the new standard, it would not invalidate the consent forms.   The consenting employees were made aware of the litigation in good faith, and they filed consent notices to join the action, affirming their belief that they are similarly situated to the original plaintiffs with regard to the claims described in the notice.

The relevant question now becomes whether the opt-in employees are, in fact, similarly situated to the original Plaintiffs, and should be permitted to remain in the case as full Plaintiffs. The Sixth Circuit made it explicitly clear in its *Clark* opinion, that although the filing of a consent form is required in order for a employee to be joined as a Plaintiff in an FLSA collective action, it, is not, in and of itself, sufficient.   Even after a employee has consented to inclusion in the action, the Court must determine whether that employee is, in fact, similarly situated to the original Plaintiffs before they can be joined as Plaintiffs in the action.

*Clark* also made clear that it is impractical to ask courts to make  this determination "as to employees who are in no way present in the case." *Clark*, 68 F.4th at 1010.  Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on issues that "tend to be factbound, meaning they depend on the specific facts pertaining to those employees.  And as to all these issues, the 'other employees' themselves will usually have knowledge – sometimes unique knowledge – of the relevant facts.". *Id.*

Plaintiffs argue that if the consent forms are valid, under *Clark* they are entitled to complete discovery before having to face the full burden of proving that the opt-in employees are, in fact, similarly situated to the original Plaintiffs for purposes of this collective action.  The Court agrees.  Because notice has already been distributed to the employees of First Student, Inc.,

-13-

and because the consent form filed by the opt-in plaintiffs are valid instruments indicating their consent to join the action, the Plaintiff's Motion for Leave to Distribute FLSA Notice is DENIED.  Further, the Defendant's Motion to Strike New Evidence is DENIED as moot.   The parties are directed to meet and confer on a proposed discovery plan that will produce sufficient evidence to allow the Court to make a final determination on the question of whether the opt-in plaintiffs are, in fact, similarly situated to the original Plaintiffs with regard to the claims raised in the Complaint.  A status conference is set for November 2, 2023, at 10:00 a.m., by telephone.

### Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Distribute FLSA Notice, (ECF #149), and Defendant's Motion to Strike New Evidence, (ECF #153) are both DENIED.  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: October 12, 2023